IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| Plaintiff, | ) NO. 3:20-cv-00610 |
| v. | ) JUDGE RICHARDSON |
| WILLIAM B. LEE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 16, "Motion"). Via the Motion, Plaintiff asks the Court to preliminarily enjoin Defendants from enforcing Tennessee's Sexual Offender Registry Act ("SORA") regime against Plaintiff. The Court has considered the Motion and its accompanying memorandum of law (Doc. Nos. 16, 17), Defendants' response (Doc. No. 21), and Plaintiff's reply (Doc. No. 22). For the reasons discussed below, the Court will abstain from determining the merits of the Motion, and the case generally, under the *Younger* abstention doctrine.

**BACKGROUND**

In 1994, the Tennessee General Assembly passed the SORA, which required the Tennessee Bureau of Investigation to "establish, maintain, and update a centralized record system of sexual offender registration and verification information." 1994 Tenn. Pub. Laws, ch. 976 § 7(a). The SORA required registration for all individuals convicted of any one of a number of identified sexual offenses, "unless the offender had been wholly released without supervision from incarceration, probation, or parole prior to January 1, 1995." *Doe v. Haslam*, No. 3:16-CV-02862,

2017 WL 5187117, at *1 (M.D. Tenn. Nov. 9, 2017) (Crenshaw, C.J.) (citing 1994 Tenn. Pub. Laws, ch. 976 § 3(2)–(3)). However, "[i]n the ensuring decades, [] the Tennessee General Assembly repeatedly returned to the sexual offender registration statutes to change whom they reached, what they required, and how much protection they offered to registered offenders' privacy." *Reid v. Lee*, No. 3:20-CV-00050, 2020 WL 4501457, at *3 (M.D. Tenn. Aug. 5, 2020).[1] In 2014, Tennessee amended the SORA to require permanent, lifetime SORA registration and compliance from any person who had ever been convicted of any sex offense against a child who was 12 or younger. 2014 Tenn. Pub. Acts, ch. 770, §§ 1, 2.

---

[1] Chief Judge Crenshaw explained these amendments in detail:

> [The SORA] has been repeatedly revised to increase its restrictions and requirements and to make more information about registered offenders publicly available. *See* 2005 Tenn. Pub. Acts, ch. 316, § 1 (adding to events and information that must be reported and increasing administrative fees); 2006 Tenn. Pub. Acts, ch. 890, § 20 (forbidding registrants whose victims were minors from living, obtaining sexual offender treatment, or working within 1,000 feet of a school, day care center, public park, playground, recreation center, or public athletic field available for use by the general public); 2007 Tenn. Pub. Acts, ch. 126, § 1 (adding to events triggering a 48-hour reporting obligation); 2007 Tenn. Pub. Acts, ch. 531, § 1 (making public all registrants' information, regardless of date of offense); 2008 Tenn. Pub. Acts, ch. 979, § 1 (adding information required to be reported and making information, including registrant e-mail addresses, available to qualifying businesses); 2008 Tenn. Pub. Acts, ch. 1164, § 13 (restricting employment permitted to registrants whose victims were minors and forbidding said registrants from wearing certain costumes—such as clowns or fictional characters—in the presence of minors); 2009 Tenn. Pub. Acts, ch. 597, § 1 (forbidding all registrants, regardless of age of victim, from the premises of school, day care center, public park, playground, recreation center, or public athletic field available for use by the general public if they have reason to believe children are present, or from standing or sitting idly within 1,000 feet of such locations unless the registrant is responsible for a child or a "specific or legitimate reason" for their presence); 2010 Tenn. Pub. Acts, ch. 1138, §§ 7, 13 (increasing information required to be reported and requiring registrants to maintain and carry photo identification); 2010 Tenn. Pub. Acts, ch. 1145, § 1 (forbidding more than two registrants from living in the same residence); 2011 Tenn. Pub. Acts, ch. 266, § 1 (imposing reporting restrictions related to international travel); 2011 Tenn. Pub. Acts, ch. 287, § 1 (permitting public library directors to ban registrants from library premises); 2014 Tenn. Pub. Acts, ch. 992, § 1 (prohibiting registrants, regardless of age of victim, from living or working within 1,000 feet of a school, day care center, public park, playground, recreation center, or public athletic field available for use by the general public); 2014 Tenn. Pub. Acts, ch. 751, § 1 (authorizing local governments to establish community notification systems designed to notify residents, schools, and child care facilities when a registrant lives within a certain distance); 2014 Tenn. Pub. Acts, ch. 770, §§ 1, 2 (imposing lifetime registration requirement on all offenders whose victims were twelve or younger); 2015 Tenn. Pub. Acts, ch. 516, § 1 (increasing information required to be reported and prohibiting registrants being alone with a minor in a "private area").

*Doe v. Haslam*, No. 3:16-CV-02862, 2017 WL 5187117, at *3 (M.D. Tenn. Nov. 9, 2017).

If the registrant fails to comply with the requirements of the SORA, he has committed a Class E felony. Tenn. Code Ann. § 40-39-208(b). The registrant's first offense is "punishable by a fine of not less than three hundred fifty dollars ($350) and imprisonment for not less than ninety (90) days." Tenn. Code Ann. § 40-39-208(c). The second violation "is punishable by a fine of not less than six hundred dollars ($600) and imprisonment for not less than one hundred eighty (180) days." Tenn. Code Ann. § 40-39-208(d). Any subsequent violations are "punishable by a fine of not less than one thousand one hundred dollars ($1,100) and imprisonment for not less than one (1) year." Tenn. Code Ann. § 40-39-208(e).

In 1994, Plaintiff was convicted in the Ninth Judicial District for the State of Nevada of two counts of Lewdness with a Child Under the Age of Fourteen Years for conduct involving an eleven-year-old child. (Doc. No. 19-2 at 1). He was sentenced to seven years' imprisonment and required to comply with Nevada's SORA requirements. (*Id*.). Plaintiff served his sentence, and in 2010, the Ninth Judicial District for the State of Nevada entered an order terminating Plaintiff's SORA compliance requirements. (Doc. No. 19-4).

In 2012, Plaintiff and his wife moved to Lawrenceburg, Tennessee to spend more time with their grandchildren. (Doc. No. 1 at ¶ 26). According to Plaintiff, in August 2014, a TBI representative informed Plaintiff that he did not have to register as a sex offender in order to comply with Tennessee's SORA; thus, Plaintiff did not do so. (*Id*. at ¶¶ 32-33). In November 2019, an officer with the Lawrenceburg Police Department called Plaintiff and informed him that he had twenty-four hours to vacate his residence and register as a sex offender. (*Id*. at ¶ 36). The officer informed him that he could not continue living in his house because it was too close to a school. (*Id*. at ¶ 37). Plaintiff began living out of his car. (*Id*. at ¶ 38).

In February 2020, Plaintiff was arrested and charged with SORA violations in Humphreys County, Tennessee. Plaintiff made bond shortly after being incarcerated. (*Id*. at ¶¶ 39-40). On July 21, 2020, Plaintiff was charged in Montgomery County, Tennessee with violating Tennessee's SORA. (Doc. No. 19-1 at ¶ 4). He is presently incarcerated on those charges. (*Id*.).

On July 17, 2020, Plaintiff filed his Complaint in this Court, seeking declaratory and injunctive relief prohibiting Defendants from continuing to enforce Tennessee's SORA regime against him in (alleged) violation of his constitutional right against *ex post facto* punishment. (Doc. No. 1 at ¶¶ 44-47). On August 17, 2020, Plaintiff filed the instant Motion, seeking a temporary restraining order and a preliminary injunction prohibiting Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them from continuing to enforce Tennessee's SORA against Plaintiff. (Doc. No. 16). After reviewing the Motion, the Court entered an order asking Defendants to respond to the Motion, and asking Plaintiff to reply thereafter, addressing "whether this Court should abstain from exercising its jurisdiction under the *Younger* abstention doctrine." *See Younger v. Harris*, 401 U.S. 37 (1971)." (Doc. No. 20).[2] Defendants responded asserting that the Court should indeed abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine and dismiss the action. (Doc. No. 21). In reply, Plaintiff contends that the Court should not abstain from exercising its jurisdiction here. (Doc. No. 22). Accordingly, this issue is ripe for adjudication.

## ANALYSIS

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "held that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). The

---

[2] Courts can and should, if appropriate, raise the issue of *Younger* abstention *sua sponte*. *See Hill v. Snyder*, 878 F.3d 193, 206 n.3 (6th Cir. 2017).

underlying concern of *Younger* is the "threat to our federal system posed by displacement of state courts by those of the National Government." *Moore v. Sims*, 442 U.S. 415, 423 (1979). Accordingly, "*Younger* abstention requires the federal court to defer to the state proceeding." *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). *Younger* abstention is applicable where three requirements are met: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (quoting *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990)).

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). The exceptions to *Younger* have generally been interpreted narrowly by the Supreme Court and the Sixth Circuit. *Gorenc v. City of Westland*, 72 F. App'x 336, 338–39 (6th Cir.2003) (citing *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986)). The plaintiff bears the burden of demonstrating the existence of one of the exceptions to *Younger* abstention (if it is otherwise applicable). *See Squire v. Coughlan*, 469 F.3d 551, 552 (6th Cir. 2006) (citation omitted).

**A. Ongoing State Judicial Proceeding**

To determine whether state judicial proceedings are ongoing, generally "[c]ourts look to the moment the federal lawsuit was filed[.]" *Hill*, 878 F.3d at 205; *see also O'Neill*, 511 F.3d at 643 (looking to the filing of the federal action to determine whether state proceedings were

ongoing); *Fed. Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991) (discussing and relying on the "day-of-filing rule"). However, an exception to this rule is "where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, [under those circumstances] the principles of *Younger v. Harris* should apply in full force." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975).

Here, Plaintiff acknowledges that he has incurred two recent criminal charges for violations of the SORA—the charge in Humphreys County filed in February 2020, and the charge in Montgomery County filed on July 21, 2020. Plaintiff initiated this lawsuit in federal court by filing his Complaint on July 19, 2020. Undoubtedly, the February 2020 Humphreys County charge occurred before this date. However, the current record evidence does not clearly demonstrate that this charge remains pending. Nevertheless, the July 21, 2020 Montgomery County charge plainly remains pending as evidence in the record reveals that Plaintiff is currently incarcerated on this charge. (Doc. No. 19-1 at ¶ 3). And although the charge was filed two days after Plaintiff filed his Complaint, the Court considers it an ongoing judicial proceeding for purposes of *Younger* because the criminal charge was brought very soon after the Complaint was filed and certainly "before any proceedings of substance on the merits have taken place." *Hicks*, 422 U.S. at 349; *see also Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 971–72 (S.D. Ohio 2010) (citing *Hicks* and holding that an administrative disciplinary proceeding initiated after the filing of the lawsuit was an ongoing judicial proceeding for purposes of the *Younger* abstention doctrine because the court had not reached any proceedings of substance on the merits); *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (citing *Hicks* and holding that where a state filed a complaint seeking forfeiture four

days after the plaintiff had filed her federal complaint, *Younger* abstention doctrine should be applied).

"[T]he contours of what defines a proceeding of substance have yet to be established by the Supreme Court or the Sixth Circuit[.]" *Kalniz*, 699 F. Supp. 2d at 971. However, here it is clear that this Court has not reached any proceedings of substance on the merits, even under the most broadest interpretation of "proceedings of substance." *See id*. (finding that no proceedings of substance had been initiated because the motion to dismiss remained pending). The Complaint was filed a little over three weeks ago, and no dispositive motions have even been filed. Moreover, the docket reflects that prior to the July 21, 2020 filing of criminal charges in Montgomery County, the only things filed in this case were the Complaint and the most ministerial of documents. Thus, this case is distinguishable from *Hill v. Snyder*, 878 F.3d 193 (6th Cir. 2017), where the Sixth Circuit declined to invoke the *Younger* abstention doctrine, where the case had been pending for over seven years and "[s]ubstantive proceedings on the merits of [the p]laintiffs' overarching claim [had] occurred in that time period." *Id*. at 205. Therefore, under *Hicks*, the Court finds the existence of ongoing judicial proceedings in this case as required for *Younger* abstention.

**B. Important State Interest**

The ongoing judicial proceedings in this case involve an important state interest. As Defendants aptly point out, the SORA explicitly states that its creation was based on "a compelling and necessary public interest that the public have information concerning persons convicted of sexual offenses." Tenn. Code Ann. § 40-39-201(b). Additionally, it is axiomatic that state criminal proceedings involve important state interests. *See Juidice v. Vail*, 430 U.S. 327, 345 (1977) ("Pending state criminal proceedings have always been viewed as paradigm cases involving paramount state interests." (Brennan, J. dissenting)); *see also Sims v. McCarter*, No. 3:18-cv-

00072, 2018 WL 1138537, at *2 (M.D. Tenn. Mar. 2, 2018) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings." (quoting *Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980)); *Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004) ("[S]tate criminal proceedings involve important state interests[.]"). Accordingly, the important state interest factor of the *Younger* abstention doctrine is met in this case.

## C. Adequate Opportunity to Raise the Constitutional Challenges

During the course of Plaintiff's criminal proceedings, he will have an adequate opportunity to raise his constitutional claims. Tennessee courts provide a criminal defendant with "an adequate opportunity to raise constitutional challenges." *Sims*, 2018 WL 1138537, at *3; *see also Gonnella*, 115 F. App'x at 772 (holding that Tennessee criminal court proceedings provided an adequate opportunity to raise constitutional challenges); *Cooper v. Parrish*, 203 F.3d 937, 955 (6th Cir. 2000). Plaintiff's argument that SORA is being retroactively applied to him in violation of the Constitution's *Ex Post Facto* clause is a defense he could raise during his state court proceedings. Thus, the third factor of the *Younger* abstention doctrine is met in this case.

## D. Exceptions to *Younger* Abstention Doctrine

Therefore, all three factors of *Younger* are met. However, even where all three factors are met, evidence of "bad faith, harassment, or flagrant unconstitutionality" may still render *Younger* abstention inappropriate. *Squire*, 469 F.3d at 556 (internal citation and quotation marks omitted). As discussed above, abstention is also contraindicated where there is "an extraordinarily pressing need for immediate federal equitable relief[.]" *Kugler*, 421 U.S. at 125. The exceptions to *Younger* have generally been interpreted narrowly by the Supreme Court and the Sixth Circuit. *Gorenc*, 72 F. App'x at 338–39 (citing *Zalman*, 802 F.2d at 205).

Plaintiff argues that his requested relief falls into two exceptions to the *Younger* doctrine: (1) the SORA is flagrantly unconstitutional and (2) there is an extraordinary pressing need for immediate federal equitable relief because Plaintiff will suffer "great and immediate irreparable injury." (Doc. No. 22 at 3-5).

The exception for flagrantly unconstitutional laws is available only if the underlying state law is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53–54 (citation and quotation marks omitted). This exception is exceedingly narrow; in fact, "the Supreme Court has never found it to be applicable since it first announced the exception in *Younger*." *Zalman*, 802 F.2d at 206 (citations omitted). "*Younger* itself illustrates the narrowness of . . . [this] exception. In that case, the federal plaintiff could not bring himself within the exception even though the statute under which he was indicted had been effectively invalidated . . . as the Court itself acknowledged." *Id*. (citing *Younger*, 401 U.S. at 40–41); *see also Doe v. Univ. of Kentucky*, 860 F.3d 365, 371 (6th Cir. 2017) (describing a plaintiff's burden to show flagrant unconstitutionality as a "high bar").

In his reply, Plaintiff cites two district court opinions[3] (*Reid v. Lee*, No. 3:20-CV-00050, 2020 WL 4501457, at *3 (M.D. Tenn. Aug. 5, 2020) and *Jordan v. Lee*, No. 3:19-cv-907, Doc. No. 40 (M.D. Tenn. Aug. 12, 2020))[4] involving Tennessee's SORA wherein District Judge Trauger granted preliminary injunctions after finding that the plaintiffs were likely to succeed on the merits of their claim that the SORA was violative of the *ex post facto* clause. These opinions, although

---

[3] Plaintiff also cites cases that interpret Michigan's SORA; however, while those cases may be persuasive in interpreting the constitutionality of Tennessee's SORA, they do not demonstrate that Tennessee's SORA is flagrantly unconstitutional.

[4] It is worth noting that neither of the plaintiffs in these cases were facing pending criminal charges for violating the SORA.

indeed casting doubt on the SORA's constitutionality, do not meet the high bar of demonstrating that the SORA is *flagrantly* unconstitutional. Further, the Court cannot say that the SORA is unconstitutional "in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53–54 (citation and quotation marks omitted). Thus, Plaintiff has not met his burden to show that the SORA is flagrantly and patently violative of express constitutional prohibitions so as to fall into this narrow exception.

The last exception to *Younger* abstention—"an extraordinarily pressing need for immediate equitable relief"—is reserved for situations where "the federal court concludes that the state proceedings are inadequate because there is no available state forum for the plaintiff's constitutional claims." *Gerstein v. Pugh*, 420 U.S. 103, 107–08 (1975).

Plaintiff argues that while he "can attempt to raise his *ex post facto* claim in defense to those prosecutions, the criminal proceedings cannot result in orders directing the Defendants to stop enforcing SORA against Plaintiff on a prospective basis. Thus, the state courts cannot resolve Plaintiff's need for immediate equitable relief." (Doc. No. 22 at 2). Additionally, Plaintiff asserts that the state court proceedings available to him are inadequate because there is no forum in which he may seek immediate equitable relief regarding his current incarceration. (Doc. No. 22 at 4).[5]

The Court easily rejects these arguments. If the Court were to accept the first argument, it would essentially erode the *Younger* abstention doctrine; the exception would swallow the rule. It is common for plaintiffs, when challenging state laws on constitutionality grounds, to seek

---

[5] Plaintiff cites *Dombrowski v. Pfister*, 380 U.S. 479 (1965) in support of his argument that the ability to raise a defense in state criminal prosecution does not assure adequate vindication of constitutional rights. (Doc. No. 22 at 3). Six years after its *Dombrowski* opinion, the Supreme Court addressed the *Dombrowski* decision in *Younger* and emphasized that enjoining state criminal prosecutions is appropriate only in "extraordinary circumstances," 401 U.S. at 53, and distinguished that case *(Younger)* from *Dombrowski* based on the "series of repeated prosecutions" and bad-faith conduct present in *Dombrowski*, *id.* at 49. Accordingly, *Dombrowski* is distinguishable from the case at hand, which involves no showing of bad faith conduct or any "extraordinary circumstance" as required by *Younger* to enjoin state criminal proceedings where abstention is otherwise appropriate.

prospective relief in the form of enjoining state officers from enforcing those state laws they allege are unconstitutional. If merely seeking such relief in a federal suit took the case out of the realm of the *Younger* abstention doctrine, nearly every case involving a challenge to a state law could be entertained in a federal court, despite any ongoing state proceedings. Additionally, Plaintiff's second argument would create a loophole for *incarcerated* plaintiffs who are involved in ongoing state criminal proceedings to avoid the *Younger* abstention doctrine, while those that are not incarcerated will still be subject to the doctrine. Moreover, Plaintiff provides absolutely no authority for the proposition that available state court proceedings are inadequate if there is no forum in which the plaintiff may seek immediate equitable relief regarding his current incarceration.

Most significantly, Plaintiff's arguments fail because, as noted above, it is well-settled that Tennessee courts provide a criminal defendant with "an adequate opportunity to raise constitutional challenges." *Sims*, 2018 WL 1138537, at *3; *see also Gonnella*, 115 F. App'x at 772 (holding that Tennessee criminal court proceedings provided an adequate opportunity to raise constitutional challenges); *Cooper*, 203 F.3d at 955. Further, the Supreme Court instructed that this exception is reserved for situations where "the federal court concludes that the state proceedings are inadequate because there is *no available state forum* for the plaintiff's constitutional claims." *Gerstein*, 420 U.S. at 107–08 (emphasis added). The phrase "no available state forum" does not, in the Court's view, equate to "no forum *in addition* to the forum provided in the state criminal proceeding," or "no possibility that in the state forum that is available for the constitutional claims, Plaintiff will receive the particular kind of (prospective) relief that he prefers and seeks in his federal lawsuit." Thus, Plaintiff has not met his burden to show an extraordinarily pressing need for immediate equitable relief to fall into this *Younger* exception.

Finally, Plaintiff argues that is abstention is inappropriate because "the primary relief Plaintiff seeks is to be prospectively released from Tennessee's state sex offender registry and its panoply of invasive sex offender restrictions and obligations—not to enjoin the circuit courts from conducting their proceedings regarding Plaintiff's past actions." (Doc. No. 22 at 2). First, Plaintiff in his Motion seeks an injunction "prohibiting Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them from continuing to enforce Tennessee's [SORA] against Plaintiff."  (Doc. No. 16). The requested relief states nothing about seeking prospective relief only, to the exclusion of relief from prosecution in his current criminal cases based on his past actions.

Moreover, it would be almost dubious for Plaintiff to claim this, because in his Motion, he relies on his current incarceration as a basis to show immediate and irreparable harm. (Doc. No. 17 at 12 ("Plaintiff is suffering and will continue to suffer ongoing severe irreparable harm from Tennessee's SORA regime because he is presently incarcerated on pending felony charged for allegedly violating SORA.")). The Court does not comprehend how granting Plaintiff mere prospective injunctive relief—contrasted with, and divorced from, relief from "proceedings regarding Plaintiff's past actions"—could possibly result in his being released from jail on his current pending criminal charges as requested. *See Simopoulos v. Virginia State Bd. of Med.*, 644 F.2d 321, 330–31 (4th Cir. 1981) ("The argument by the plaintiff that, in his district court action, he is not attacking his conviction but only seeking "prospective " relief is disingenuous. In his complaint, [he] attack[s] . . . the statute under which he was convicted and, in his prayer, he asks for specific declaratory relief against the specific antiabortion statute under which he was convicted.").

Furthermore, the Sixth Circuit has previously rejected an argument similar to the one Plaintiff makes here. In *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005), the plaintiffs, who were the subject of a state agency action to enforce Ohio election laws, argued that *Younger* abstention was inappropriate because they sought not an injunction preventing the ongoing action, but rather relief from prospective, future activity. *Id.* at 637. The court rejected this argument and explained that "[i]t is well-settled that a declaration as to rights during the pendency of state action has the same effect as an injunction enjoining state action." *Id.* (citing *Younger*, 401 U.S. at 41 n.2). Thus, the court held that while a declaration that the state agency violated the First Amendment "will, of course, result in prospective relief for the [plaintiffs] . . . such a declaration will also result in interference with the current [state agency] action against [the plaintiffs]. Such interference is clearly inappropriate under *Younger* and [its] progeny." *Id.*

Accordingly, the Court rejects Plaintiff's argument that the relief he seeks is wholly prospective in nature. *See Manookian v. Flippin*, No. 3:19-CV-00350, 2020 WL 978638, at *8 (M.D. Tenn. Feb. 28, 2020) (abstaining under *Younger* and rejecting the plaintiff's argument that *Younger* did not apply because he only sought prospective relief where the relief he sought involved ongoing disciplinary proceedings). And even if it was, numerous courts have held that when a state prosecution is pending, claims of injunctive relief seeking to enjoin future prosecutions still trigger the *Younger* doctrine. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 53 (4th Cir. 1989); *Ballard v. Wilson*, 856 F.2d 1568, 1570 (5th Cir. 1988); *United Books, Inc. v. Conte*, 739 F.2d 30, 32–33 (1st Cir. 1984). Accordingly, because none of the exceptions to *Younger* abstention apply, the doctrine supports abstention here.

**F. Whether to Stay or Dismiss**

"A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 638 (6th Cir. 2007). Defendants suggest the Court abstain from exercising jurisdiction and thereafter dismiss the action. (Doc. No. 21). Plaintiff does not express an opinion, despite the Court's order asking the parties to address such. (*See* Doc. No. 20).

"[W]hen application of *Younger* abstention is proper and the plaintiff is seeking money damages and equitable relief the appropriate procedure is to stay the proceedings rather than dismiss the case without prejudice. *Cummings v. Husted*, 795 F. Supp. 2d 677, 694 (S.D. Ohio 2011) (citing *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995)); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072 (6th Cir. 1998). "However, 'dismissal without prejudice is proper under *Younger* for equitable claims.'" *Id.* (quoting *Louisville Country Club v. Kentucky Comm'n on Human Rights*, 221 F.3d 1335, 1335 (6th Cir. 2000)); *see Davis v. Whitmer*, No. 1:19-CV-10569, 2019 WL 1326671, at *4 (E.D. Mich. Mar. 25, 2019) (abstaining from considering the plaintiff's *ex post facto* challenge to Michigan's SORA and dismissing the case, rather than staying the action, where the plaintiff did not seek money damages); *Johnson v. Ohio Bureau of Workers' Comp.*, No. 1:13CV1199, 2014 WL 296875, at *7 (N.D. Ohio Jan. 27, 2014) (abstaining pursuant to *Younger* and dismissing the case, rather than holding the action in abeyance, where the plaintiff did not seek money damages).

Here, Plaintiff does not seek money damages, but rather only injunctive and declaratory relief. (*See* Doc. No. 1 at 9); *see also Cummings*, 795 F. Supp. 2d at 694 (explaining that a request for attorneys' fees in relation to a claim for injunctive relief is not an "independent claim" for

damages that required the court to stay the case). Accordingly, the Court in its discretion will dismiss this case without prejudice.

## CONCLUSION

For the above-mentioned reasons, the Court declines to exercise jurisdiction in this case based on the abstention doctrine in *Younger*. Accordingly, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 16) will be denied and the case will be dismissed without prejudice.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE